HENRY MOENG

v.

THE PEOPLE ex rel. Charles Kern.

*Filed at Springfield November 2, 1891.*

TAXES—*time for return of collector's books—date fixed by the county collector.* Section 169, chapter 120, of the Revised Statutes, confers authority upon the county collector to fix upon any day he may determine, within twenty days after the 10th day of March, upon which he will require the town collector to return his tax book and settle, and the town collector must return his book and settle on the day so appointed. He will not have twenty days from the 10th of March, where the county collector fixes upon an earlier day.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. HARVEY H. ANDERSON, for the plaintiff in error.

Mr. FRANCIS W. WALKER, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for *mandamus,* brought in the circuit court of Cook county, in the name of the People *ex rel.* Charles Kern, county collector of Cook county, against Henry Moeng, collector of the town of Lake View, to compel him to return the tax book of the town and make final settlement, as he was required to do by section 169 of the Revenue law. The defendant put in an answer to the petition, to which a demurrer was filed, and the court sustained the demurrer and rendered judgment against the defendant.

Section 169 of the Revenue law provides: "Town and district collectors shall return the tax books and make final settlement for the amount of taxes placed in their hands for collection, on or before the 10th day of March next after receiving the tax books: *Provided,* that the county collector

33—138 ILL.

may first notify, in writing, the several town or district collectors upon what day, within twenty days after the 10th day of March, they shall appear at his office to make final settlement," etc.

It is admitted in the answer that the petitioner is county treasurer of the county of Cook, and that defendant is collector of taxes for the town of Lake View. It is also admitted that on the 28th day of February, 1891, the county collector served on defendant the following notice:

"CHICAGO, *February 28, 1891.*
"*Mr. Henry Moeng, Collector Town Lake View:*

"SIR—In accordance with the provisions of section 169, chapter 120, of the Revised Statutes, you are hereby notified to appear at this office on the 14th day of March, with your tax warrants, prepared to make final settlement for the taxes placed in your hands for collection, as collector of the town of Lake View, for the year 1890.

"Respectfully,    CHARLES KERN, *County Collector.*"

As we understand the argument of counsel, it is claimed that the judgment is erroneous because, under the statute, defendant was entitled to hold his collection book for the full period of twenty days after the 10th day of March. We find nothing in the language of the statute which lends any support whatever to the position of counsel. The statute, in plain terms, confers upon the county collector authority to fix upon any day he may determine, within twenty days after the 10th day of March, upon which he will require the town collector to return his tax book and settle, and when the town collector receives a notice, in writing, designating a day upon which the tax book shall be returned, as was served in this case, the statute is imperative that the town collector must obey, and make return and settlement on the day designated. Whether the statute is a wise one, or one which is calculated to work advantageously to the town collector in the discharge of his

duties in the collection of the revenue, are questions with which we have no concern. The law is plain, and when application is made to the courts it is their duty to see that it is enforced. 'The legislature may amend or repeal the law, if they think proper, but while it remains a part of the statute it should be enforced.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*